**Ruth PARKS, Individually and for all others similarly situated, Plaintiff-Appellant,**

v.

**Richard HARDEN, Individually and as the Commissioner of the Department of Human Resources, Defendant-Appellee.**

**Mrs. Alice L. HARRIS and Mrs. Mary E. Hood, Individually, on behalf of their unborn children, and on behalf of all others similarly situated, Plaintiffs-Appellees,**

v.

**MISSISSIPPI STATE DEPARTMENT OF PUBLIC WELFARE et al., etc., Defendants-Appellants.**

**Nos. 73-1855, 73-3220.**

United States Court of Appeals, Fifth Circuit.

Aug. 1, 1975.

■

---

Steven Gottlieb, Alfred C. Kammer, II, Jay E. Loeb, Savannah, Ga., for plaintiff-appellant.

Dorothy Y. Kirkley, Asst. Atty. Gen. of Ga., Arthur K. Bolton, Atty. Gen. of Ga., Harold N. Hill, Jr., Deputy Asst. Atty. Gen., Robert J. Castellani, Asst. Atty. Gen., Atlanta, Ga., for defendant-appellee.

A. F. Summer, Atty. Gen., William A. Allain, First Asst. Atty. Gen., Jack S. Parker, P. Roger Googe, Jr., Thomas E. Childs, Jr., Spec. Asst. Attys. Gen., Jackson, Miss., for defendants-appellants.

Mark Shenfield, West Point, Miss., Stanley L. Taylor, Oxford, Miss., Barry H. Powell, Community Legal Services, Jackson, Miss., for plaintiffs-appellees.

Before WISDOM, AINSWORTH and GEE, Circuit Judges.

PER CURIAM:

These appeals involved, *inter alia*, the question whether the term "dependent child" as used in § 406(a) of the Social Security Act, 42 U.S.C. § 606(a), comprehended unborn children. We held that it did, and that states receiving federal aid under the Aid to Families with Dependent Children program were required therefore, to offer welfare benefits to pregnant women for their unborn children. Parks v. Harden, 5 Cir. 1974, 504 F.2d 861. The identical question of statutory construction came before the Supreme Court of the United States in Burns v. Alcala, 1975, 420 U.S. 575, 95 S.Ct. 1180, 43 L.Ed.2d 469. In that case the Supreme Court held that the term "dependent child" under § 406(a) of the Social Security Act did *not* comprehend the unborn, and that the states were not required to offer welfare benefits to pregnant women for their unborn children.

The opinion and judgment of this Court heretofore entered is therefore vacated to the extent that it requires the state to afford welfare benefits to pregnant women for their unborn children. The causes are remanded to the United States District Court for the Northern District of Georgia and the United States District Court for the Northern District of Mississippi, respectively, for further proceedings in conformity with this opinion and the opinion in Burns v. Alcala.